UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 04-30001-MAP |
| ) | |
| ) | 21 U.S.C. § 846 (Conspiracy |
| ) | To Distribute Cocaine and |
| ) | Cocaine Base) |
| ) | |
| ) | 21 U.S.C. § 841 (Distribution |
| ) | and Possession with Intent to |
| ) | Distribute Cocaine and Cocaine |
| ) | Base) |
| v. ) | |
| ) | 18 U.S.C. § 2 (Aiding and |
| ) | Abetting) |
| ) | |
| RAYMOND SHAVER, ) | |
| Defendant. ) | |

## INDICTMENT

The Grand Jury charges that:

COUNT ONE:    (Title 21, United States Code, Section 841: Distribution and Possession with Intent to Distribute Cocaine Base; Title 18, United States Code, Section 2: Aiding and Abetting)

1.   On or about June 25, 2003, in Hampden County, in the District of Massachusetts,

RAYMOND SHAVER,

the defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

2.   The offense described in Paragraph One of Count One of this Indictment involved fifty grams or more of a mixture or substance containing cocaine base. Accordingly, Title 21, United

States Code, Section 841(b)(1)(A)(iii) applies to this case.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>COUNT TWO</u>:       (Title 21, United States Code, Section 841: Distribution and Possession with Intent to Distribute Cocaine; Title 18, United States Code, Section 2: Aiding and Abetting)

1.   On or about July 17, 2003, in Hampden County, in the District of Massachusetts,

RAYMOND SHAVER,

the defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>COUNT THREE</u>:   (Title 21, United States Code, Section 841: Distribution and Possession with Intent to Distribute Cocaine Base; Title 18, United States Code, Section 2: Aiding and Abetting)

1. On or about August 1, 2003, in Hampden County, in the District of Massachusetts,

RAYMOND SHAVER,

the defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

2. The offense described in Paragraph One of Count Three of this Indictment involved fifty grams or more of a mixture or substance containing cocaine base. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(iii) applies to this case.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>COUNT FOUR</u>:          (Title 21, United States Code, Section 841: Distribution and Possession with Intent to Distribute Cocaine Base; Title 18, United States Code, Section 2: Aiding and Abetting)

1.   On or about August 28, 2003, in Hampden County, in the District of Massachusetts,

RAYMOND SHAVER,

the defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

2.   The offense described in Paragraph One of Count Four of this Indictment involved fifty grams or more of a mixture or substance containing cocaine base. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(iii) applies to this case.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>COUNT FIVE</u>:        (Title 21, United States Code, Section 841:
Distribution and Possession with Intent to
Distribute Cocaine Base; Title 18, United States
Code, Section 2: Aiding and Abetting)

1.   On or about September 26, 2003, in Hampden County, in the District of Massachusetts,

RAYMOND SHAVER,

the defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

2.   The offense described in Paragraph One of Count Five of this Indictment involved fifty grams or more of a mixture or substance containing cocaine base. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(iii) applies to this case.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>COUNT SIX</u>:        (Title 21, United States Code, Section 846: Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base and Cocaine)

1. From on or about June 2003, to on or about January 13, 2004, in Hampden County, in the District of Massachusetts,

RAYMOND SHAVER,

the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the grand jury to commit an offense against the United States, namely, to knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, and cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2;

2. The conspiracy described in Count Six of this Indictment involved fifty grams or more of a mixture or substance containing cocaine base. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(iii) applies to this case.

All in violation of Title 21, United States Code, Section 846.

FORFEITURE ALLEGATION

(21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Counts One through Five of this Indictment,

RAYMOND SHAVER,

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2. If any of the properties described in paragraph 1, above, as a result of any act or omission of the defendant -

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL

_____
Foreperson of the Grand Jury

_____
Todd E. Newhouse
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS:

    Returned into the District Court by the Grand
    Jurors and filed on January 15, 2004 at 10:30am

_____
Deputy Clerk of Court