

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*
*Fax: (413) 785-0394*

*Federal Building & Courthouse*
*Main Street, Room 310*
*Springfield, Massachusetts 01103*

January 29, 2004

Jeffrey S. Brown, Esq.
393 Main Street
Greenfield, MA 01302

    Re:   <u>United States v. Raymond Shaver</u>
           Criminal No. 04-30001-MAP

Dear Attorney Brown:

    In accordance with the government's discovery obligations pursuant to Local Rule 116.1(C) and 116.2(B) and Fed. R. Crim. P. 16(a)(1), I am providing you with the following information and materials:

A.   Discovery Pursuant to Fed.R.Crim.P. 16(a)(1)(A)-(D)

    1.   Statements of the Defendant

    The government is unaware of any statements made in response to interrogation by a person the defendant knew was a government agent. The government is unaware of any other written or recorded statements, other than the tape recordings discussed below, made by the defendant.

    2.   Grand Jury Testimony

    The defendant did not testify before the grand jury.

    3.   Defendant's Prior Record

    A copy of the defendant's criminal record was provided to you by Pretrial Services at the arraignment.

    4.   Books, Papers, Documents, and Tangible Objects

The government will make available for inspection and/or copying all of the evidence in its possession, including items seized pursuant to search warrants, if any, which it intends to use at trial at a mutually convenient time and place.

5. Reports of Examinations and Tests

The drug analyses which have been completed are enclosed. The remaining analyses are pending and will be provided to you when received. There are no other scientific tests or experiments of which the government is aware. There are no reports of physical or mental examinations of the defendant.

B. Search Materials

1. Search Warrants

None.

2. Consent Searches

None.

3. Warrantless Searches

On November 26, 2003 at the request of the DEA, the Springfield Police Department stopped a car in which Raymond Shaver was a passenger in order to identify the occupants. Shaver produced identification. A DEA-6 regarding the stop is enclosed.

C. Electronic Surveillance

The government intends to offer as evidence in its case-in-chief wire communications intercepted over the defendant's cellular telephone, (413) 364-4256, pursuant to an order entered on November 7, 2003, M.B.D. No. 03-30047-MAP. Attached are copies of the application, affidavit, order authorizing the interception and the sealing order.

D. Consensual Interceptions

Consensual interceptions of wire and oral communications of the defendant regarding the drug deals and phone calls arranging the deals by a cooperating witness and/or an undercover agent (UCA) which the government intends to offer as evidence in its case-in-chief are being copied and will be available to be picked up when the copying is completed.

E.   Unindicted Coconspirators

   Provided under separate cover and under seal pursuant to L. R. 116.1(C)(1)(e).

F.   Identifications

   DEA agents showed a booking photograph of the defendant to members of the DEA Task Force participating in this investigation prior to the drug deals and to members of the arrest team prior to the arrest of the defendant on January 13, 2004. A copy of the photograph is enclosed.

G.   Exculpatory Evidence

   1.   Within the time period designated in L.R. 116.1(C)(1):

      a.   The government is unaware of any evidence that would tend directly to negate the defendant's guilt concerning any count in the indictment.

      b.   The government is unaware of any evidence that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude, which would, if allowed, be appealable under 18 U.S.C.§ 3731.

      c.   The government is unaware of any promises, rewards or inducements given to any witness the government anticipates calling in its case-in-chief.

      d.   The government is unaware of any criminal record of any witness it anticipates calling in its case-in-chief.

      e.   The government is unaware of any criminal cases pending against any witness the government anticipates calling in its case-in-chief.

      f.   There were no failures to identify the defendant by any percipient witness in this case.

   Pursuant to L.R. 116.4 the government is making available one copy of a CD-rom which contains the recordings and monitoring logs made pursuant to the electronic surveillance order mentioned above, as well as one copy of the audio cassette tapes of the consensual tape recordings discussed above. In addition the

government is making available one copy of video tapes of some of the drug deals and other physical surveillances. The tapes are being copied at this time and will be available shortly. The tapes will be provided to counsel upon the signing of a receipt for the tapes. Finally, the government has enclosed copies of preliminary transcripts which have been prepared to date and will provided copies of others when they are made.

The government requests reciprocal discovery of the defendant as required by L.R. 116.1(D) and F.R.Crim. P. 16(b). Pursuant to F.R.Crim.P. 12.1 the government requests notice of whether the defendant intends to rely upon an alibi defense; pursuant to F.R.Crim.P. 12.2 the government requests notice of whether the defendant intends to rely upon an insanity defense; and pursuant to F.R.Crim.P. 12.3 the government requests notice of whether the defendant intends to rely upon a defense of public authority.

Please feel free to call me at (413) 785-0235 if you have any questions about the above information.

                Very truly yours,

                MICHAEL J. SULLIVAN
                United States Attorney

By:

                TODD E. NEWHOUSE
                Assistant U.S. Attorney

Enclosures
cc: Bethany Healy,
    Courtroom Clerk
    Hon. Kenneth P. Neiman
    United States Magistrate Judge
    (w/o enclosures);