UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED

DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 04-30001-MAP |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND SHAVER, | ) | |
| Defendant. | ) | |

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The United States of America, by Michael J. Sullivan,

United States Attorney for the District of Massachusetts, submits

the following proposed jury instructions for consideration by the

Court in the trial of the above-captioned case.  The government

requests leave to supplement, modify, or withdraw these

instructions as may become necessary.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

TODD E. NEWHOUSE
Assistant U.S. Attorney

## Certificate of Service

I, Todd E. Newhouse, Assistant U.S. Attorney, do hereby
certify that a copy of this document was delivered, by mail, to
counsel of record for the defendant, this 6th day of October,
2004.

TODD E. NEWHOUSE
Assistant U.S. Attorney

## Table of Contents

| Instruction Number | Title | Page |
|---|---|---|
| 1 | Role and Duty of the Jury . . . . . . . . . . | 1 |
| 2 | The Government As a Party . . . . . . . . . . | 3 |
| 3 | Consider Only the Charges . . . . . . . . . . | 4 |
| 4 | Presumption of Innocence; Proof Beyond a Reasonable Doubt . . . . . . . . | 5 |
| 5 | Knowingly . . . . . . . . . . . . . . . . . . | 7 |
| 6 | Willfully . . . . . . . . . . . . . . . . . . | 9 |
| 7 | Credibility of Witnesses . . . . . . . . . . | 10 |
| 8 | Credibility of Witnesses – Inconsistencies . . | 11 |
| 9 | Preparation of Witnesses . . . . . . . . . . | 12 |
| 10 | Credibility of Defendant as a Witness . . . . | 13 |
| 11 | Interest in Outcome . . . . . . . . . . . . | 14 |
| 12 | Sympathy . . . . . . . . . . . . . . . . . | 15 |
| 13 | Specific Investigation Techniques Not Required. | 16 |
| 14 | Weighing the Testimony of an Expert Witness . | 17 |
| 15 | Variance – Dates . . . . . . . . . . . . . . | 18 |
| 16 | Direct and Circumstantial Evidence . . . . . . | 19 |
| 17 | What is Evidence: Inferences . . . . . . . . | 20 |
| 18 | Motive . . . . . . . . . . . . . . . . . . . | 21 |
| 19 | Questions . . . . . . . . . . . . . . . . . | 22 |
| 20 | Stipulations . . . . . . . . . . . . . . . . | 23 |

ii

21      Punishment . . . . . . . . . . . . . . . . .    24

22      Accomplices Called by the Government . . . . .    25

23      Statements by Defendant  . . . . . . . . . . .    27

24      Use of Tapes and Transcripts . . . . . . . . .    28

25      Reaching Agreement . . . . . . . . . . . . . .    29

26      The Indictment and Statute, Distribution and
        Possession of Cocaine Base with Intent to
            Distribute  . . . . . . . . . . . . . . .    31

27      Possession of Cocaine Base . . . . . . . . . .    32

28      Amount of Controlled Substance . . . . . . . .    33

29      Definition of Possession . . . . . . . . . . .    34

30      Knowledge that the Drug was a Drug . . . . . .    36

31      Method of Proving Knowledge  . . . . . . . . .    37

32      Distribution or Intent to Distribute . . . . .    39

33      Intent to Distribute-Explained . . . . . . . .    40

34      Aiding and Abetting  . . . . . . . . . . . . .    42

35      Conspiracy to Distribute and Possession
            With Intent to Distribute Cocaine
            And Cocaine Base  . . . . . . . . . . . . .    43

Instruction No. 1

Role and Duty of the Jury

Your final role is to pass upon and decide the fact issues
that are in the case.  You, the members of the jury, are the sole
and exclusive judges of the facts.  You pass upon the weight of
the evidence; you determine the credibility of the witnesses; you
resolve such conflicts as there may be in the testimony; and you
draw whatever reasonable inferences you decide to draw from the
facts as you have determined them.

In determining the facts, you must rely upon your own
recollection of the evidence.  What the lawyers have said in
their opening statements, in their closing arguments, in their
objections, or in their questions is not evidence.  In this
connection, you should bear in mind that a question put to a
witness is never evidence.  It is only the answer which is
evidence.  Nor is anything I may have said during the trial or
may say during these instructions with respect to a fact matter
to be taken in substitution for your own independent
recollection.  What I say is not evidence.

The evidence before you consists of the answers given by
witnesses--the testimony they gave, as you recall it--and the
exhibits that were received in evidence.

It is your duty to find the facts from all the evidence
admitted in this case.  To those facts you must apply the law as

1

I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return--that is a matter entirely for you to decide.[1]

---

[1] Adapted from 1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 2.01, Instruction No. 2-3 (2003); <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 3.01 (2003).

2

Instruction No. 2

The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party.  You are to perform your final duty with an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with serious crimes.

The fact that the prosecution is brought in the name of United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.[2]

---

[2] 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 2.01, Instruction No. 2-5 (2003).

3

Instruction No. 3

Consider Only the Charges

The defendant is not charged with committing any crime other than the offenses contained in the Indictment. You have heard evidence of other acts allegedly committed by the defendant. When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose. I will explain that limited purpose again in a moment. But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the Indictment.[3]

---

[3] 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 3.01, Instruction No. 3-3 (2003).

4

## Instruction No. 4

Presumption of Innocence; Proof Beyond A Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish

5

beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict him.[4]

---

[4] <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 3.02 (2003).

6

Instruction No. 5

Knowingly

You have been instructed that in order to sustain its burden of proof, the Government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

In deciding whether defendant acted knowingly, you may infer that defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established. First, that defendant was aware of a high probability of the fact in question. Second, that defendant consciously and deliberately avoided learning of that fact. That is to say, defendant willfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact, and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in

7

failing to learn the fact is not sufficient.  There must be a deliberate effort to remain ignorant of the fact.[5]

---

[5] 1 L. Sand, et al, <u>Modern Federal Jury Instructions:</u> <u>Criminal</u>, ¶ 3A.01, Instruction No. 3A-1 (2003).  <u>See</u> <u>United States v. Pitrone</u>, 115 F.3d 1 (1ST Cir. 1997); <u>United States v. Tracy</u>, 36 F.3d 187 (1st Cir. 1994); and <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 2.14 (2003).

Instruction No. 6

Willfully

You have been instructed that in order to sustain its burden of proof, the Government must prove that the defendant acted willfully. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.[6]

---

[6] 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 3A.01, Instruction No. 3A-3 (2003); Ratzlaf v. United States, 510 U.S. 135 (1994); United States v. Pomponio, 429 U.S. 10 (1976); United States v. Smith, 278 F.3d 33 (1st Cir. 2002); United States v. Hurley, 63 F.3d 1 (1st Cir. 1995).

9

## Instruction No. 7

### Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.[7]

---

[7] Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 1.06 (2003); derived from Eighth Circuit Instruction No. 1.05 and Ninth Circuit Instruction No. 1.07.

10

Instruction No. 8

Credibility of Witnesses - Inconsistencies

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or intentional falsehood.[8]

---

[8]  Adapted from 1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions: Criminal, § 15.01 (5th ed. 2000).

11

Instruction No. 9

Preparation of Witnesses

Some mention has been made of the preparation of witnesses to testify by the Assistant United States Attorney.  There is nothing wrong with a lawyer preparing a witness to testify.  As a matter of fact, if the lawyers did not do some preparation, this case would be much longer than it has been.  It is to be expected that when an attorney puts a witness on the stand for direct examination, he will have met with the witness and know what the answers are going to be most of the time, that is, assuming the witness is willing to talk to the lawyer ahead of time.

The fact that a witness met with an attorney prior to that witness testifying before you, standing alone, should not usually cause you to discredit the testimony of that witness.  You may, however, consider the fact that a witness was willing to meet, or not meet, with one side or the other, prior to this case, in evaluating the witness' testimony.  You may also consider whether any such meeting did, in fact, influence the testimony of the witness.[9]

---

[9]  Adapted from Judge McNaught's charge in United States v. Ronna, Cr. No. 81-13-Mc.  See also, Judge Zobel's charge in United States v. Kepreos, Cr. No. 83-12-Z.

12

Instruction No. 10

Credibility of Defendant as a Witness
(Requested only if a defendant testifies)

A defendant cannot be compelled to take the witness stand and testify.  Whether or not a defendant testifies is a matter of her own choosing.  If a defendant does choose to testify, he is a competent witness.  In that event, he is subject to cross-examination and his credibility is for you, the jury, to determine, in the same manner as that of other witnesses.[10]

---

[10] United States v. Dwyer, 843 F.2d 60, 62-63 (1st Cir. 1988).

13

Instruction No. 11

Interest in Outcome

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.[11]

---

[11]  1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 7.01, Instruction No. 7-3 (2003).

14

## Instruction No. 12

### Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for your alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.[12]

---

[12]  1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 2.01, Instruction No. 2-12 (2003). See also United States v. Levy-Cordero, 67 F.3d 1002, 1009 (1st Cir. 1995).

15

Instruction No. 13

Specific Investigation Techniques Not Required

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.[13]

---

[13] 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 4.01, Instruction No. 4-4 (2003).

16

Instruction No. 14

Weighing the Testimony of An Expert Witness

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.[14]

---

[14] Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 2.07 (2003); derived from Eighth Circuit Instruction No. 4.10.

17

Instruction No. 15

Variance - Dates

While we are on the subject of the elements, I should draw
your attention to the fact that it does not matter if the
indictment charges that a specific act occurred on or about a
certain date, and the evidence indicates that, in fact, it was on
another date.  The law only requires a substantial similarity,
between the dates alleged in the indictment and the date
established by testimony or exhibits.[15]

---

[15] 1 L. Sand, et al, Modern Federal Jury Instructions:
Criminal, ¶ 3.01, Instruction No. 3-12 (2003); see United States
v. Morris, 700 F.2d 427 (1st Cir. 1983).

18

### Instruction No. 16

#### Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for your to decide how much weight to give to any evidence.[16]

---

[16] Pattern Criminal Jury Instruction for the District Courts of the First Circuit, Instruction No. 3.05 (2003).

19