Instruction No. 17

What is Evidence: Inferences

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.[17]

---

[17] <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 3.04 (2003).

Instruction No. 18

Motive

Motive is what prompts a person to act, or fail to act. The concept of motive is different than the concept of intent. Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain are two well recognized motives for much of human conduct. These motives may prompt one person to voluntary acts of good, another to voluntary acts of crime. The government is never required to prove motive.

Good motive alone, when it exists, is never a defense where the act done or omitted is a crime. The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid determination of state of mind or the intent of the defendant.[18]

---

[18] Adapted from 1A O'Malley, Grenig, and Lee, Federal Jury Practice Instructions: Criminal, § 17.06 (5th ed. 2000).

21

Instruction No. 19

Questions

Let me emphasize that a lawyer's question is not evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question to a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there is some other evidence in the record that he had beaten his wife.

In short, questions are not evidence; answers are.[19]

---

[19] 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 5.01, Instruction No. 5-3 (2003); United States v. Concemi, 957 F.2d 942 (1st Cir. 1992).

22

Instruction No. 20

Stipulations

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given what weight you choose.[20]

---

[20] Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 2.01 (2003).

23

Instruction No. 21

Punishment

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or, in any sense, enter into your deliberations.[21]

---

[21] 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 9.01, Instruction No. 9-1 (2003); Shannon v. United States, 512 U.S. 573 (1994).

24

<u>Instruction No. 22</u>

<u>Accomplices Called by the Government</u>

You have heard witnesses who testified that they were actually involved in planning and carrying out the crime(s) charged in the indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

25

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.[22]

---

[22] Adapted from 1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 7.01, Instruction No. 7-5 (2003).

Instruction No. 23

Statements by Defendant

You have heard evidence that defendant made a statement in which the government claims he admitted certain facts.

It is for you to decide (1) whether defendant made the statement and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made [and any facts or circumstances tending to corroborate or contradict the version of events described in the statement].[23]

---

[23] Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 2.11 (2003).

27

Instruction No. 24

Use of Tapes and Transcripts

At this time you are going to hear conversations that were recorded. This is proper evidence for you to consider. In order to help you, I am going to allow you to have a transcript to read along as the tape is played. The transcript is merely to help you understand what is said on the tape. If you believe at any point that the transcript says something different from what you hear on the tape, remember it is the tape that is evidence, not the transcript. Any time there is a variation between the tape and transcript, you must be guided solely by what you hear on the tape and not by what you see in the transcript.[24]

---

[24] Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction No. 2.09 (2003).

28

Instruction No. 25

Reaching Agreement

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but, of course, only if each of you can do so after having made your

own conscientious determination. Do no surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.[25]

---

[25] <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 6.03 (2003).

Instruction No. 26

The Indictment and the Statute
Distribution and Possession of Cocaine Base
with Intent to Distribute

Counts One through Five of the Indictment charge the defendant with distribution and possession of cocaine base with intent to distribute.

These counts charges the defendant with violating the Drug Abuse Prevention and Control Act. That law makes it a crime "for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

In order to prove the distribution counts, the government must establish, beyond a reasonable doubt, each of the following three elements of the crime:

1. That the defendant possessed cocaine base;
2. That the defendant knew that he possessed cocaine base; and,
3. That the defendant intended to distribute the cocaine base.[26]

---

[26] 3 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 56.01, Instruction Nos. 56-1 and 56-2 (2003); and 21 U.S.C. § 841(a)(1).

31

REQUEST NO. 27

Possession of Cocaine Base

The first element you must determine is whether the defendant possessed cocaine base. That is, the government must prove that the material that the defendant is charged with possessing or distributing is, in fact, cocaine base. The government may prove this through either direct evidence or through circumstantial evidence. An example of direct evidence is the testimony of a chemist who has done a chemical analysis of the material. Circumstantial evidence would be evidence from which you could infer that the material was cocaine base, such as testimony concerning the names used by the defendant to refer to the material or testimony about the material's appearance. Whether the government relies on direct or circumstantial evidence to prove that the material in issue was cocaine base, it must prove so beyond a reasonable doubt.

I instruct you that as a matter of law, cocaine base is a Schedule II controlled substance.[27]

---

[27] 3 L. Sand, et al, Modern Federal Jury Instruction: Criminal, ¶ 56.01, Instruction No. 56-3 (2003).

REQUEST NO. 28

Amount of Controlled Substance

If you find that the government has proven beyond a reasonable doubt the three elements just described to you, then you must decide the type and amount of drugs that the defendant possessed. The burden is on the government to establish the type and amount of drugs beyond a reasonable doubt. The defendant is charged in Counts One, Three, Four and Five with distributing or possessing with intent to distribute 50 grams or more of a mixture or substance containing cocaine base. If you find beyond a reasonable doubt that 50 grams or more of a mixture or substance containing cocaine base was involved in the allegations set forth in those Counts, you shall indicate on the verdict slip your finding.[28]

---

[28] Adapted from 3 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 56.01, Instruction No. 56-12 (2003). See United States v. LaFreniere, 236 F.3d 41 (1st Cir. 2001); United States v. Baltas, 236 F.3d 27 (1st Cir. 2001).

REQUEST NO. 29

Definition of Possession

As I have instructed you, you must find that the defendant "possessed" the drugs. The legal concept of possession may differ from the everyday usage of the term, so I will explain it in some detail.

Actual possession is what most of us think of as possession; that is having physical custody or control of an object. For example, if you find that a defendant had the drugs on his person, you may find that he had possession of the drugs. However, a person need not have actual physical custody of an object in order to be in legal possession of it. If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that item. An example of this from everyday experience would be a person's possession of items he keeps in the safe deposit box of his bank. Although the person does not have physical custody of those items, he exercises substantial control over them and so has what is known as constructive possession of them.

Possession of drugs cannot be found solely on the ground that the defendant was near or close to the drugs. Nor can it be found simply because a defendant was present at a scene where drugs were involved, or solely because a defendant associated

34

with a person who does control the drugs or the property where they are found. However, these factors may be considered by you, in connection with all other evidence, in making your decision whether the defendant possessed the drugs.[29]

---

[29] 3 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 56.01, Instruction No. 56-4 (2003). <u>See</u> <u>United States v. Maldonado</u>, 23 F.3d 4 (1st Cir. 1994); and <u>United States v. Georgacarakos</u>, 988 F.2d 1289 (1st Cir. 1993).

REQUEST NO. 30

Knowledge That the Drug Was A Drug

If you find that the defendant possessed drugs, you must, in determining the guilt or innocence of the defendant, determine whether the defendant knew that he possessed drugs. The government must prove, beyond a reasonable doubt, that the defendant knew that he possessed drugs, and that his possession was not due to carelessness, negligence or mistake. If you find that the defendant did not know that he had a drug in his possession, or that he didn't know that what he possessed was, in fact, a drug, then you must find the defendant not guilty.

Although the government must prove that the defendant knew that he possessed drugs, the government does not have to prove that the defendant knew the exact nature of the drugs in his possession. It is enough that the government proves that the defendant knew that he possessed some kind of drug.[30]

---

[30] 3 L. Sand, et al, *Modern Federal Jury Instructions: Criminal*, ¶ 56.01, Instruction No. 56-6 (2003).

REQUEST NO. 31

Method of Proving Knowledge

Your decision whether the defendant knew the material he possessed was a drug, involves a decision about the defendant's state of mind. It is obviously impossible to prove directly the operation of the defendant's mind. But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits in the case may enable you to infer what the defendant's state of mind was.

In our everyday affairs we are continuously called upon to decide from the actions of others what their state of mind is. Experience has taught us that, frequently, actions speak louder and more clearly than spoken or written words. Therefore, you may well rely in part on circumstantial evidence in determining the defendant's state of mind.

For example, if the defendant was the sole occupant of a residence or vehicle, it is reasonable to conclude that the defendant knew about items in the residence or vehicle. The defendant's behavior may also indicate knowledge. Nervousness in the presence of the drugs or flight from the site at which authorities have identified drugs may indicate that the defendant knew that the material in question was a drug. The examples are neither exhaustive nor conclusive. It is up to you, based on all

the evidence, to determine whether the defendant knew that he possessed drugs.[31]

---

[31] Adapted from 3 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 56.01, Instruction No. 56-7 (2003).

REQUEST NO. 32

Distribution or Intent to Distribute

If you find that the defendant knowingly possessed drugs, then you must decide either the defendant distributed the drug or intended to distribute it. In order to prove the defendant is guilty, the government must prove this element beyond a reasonable doubt. It need not prove both.[32]

---

[32] 3 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 56.01, Instruction No. 56-9 (2003).

39