REQUEST NO. 33

Intent to Distribute-Explained

To satisfy the third element the government must prove that the defendant possessed cocaine base with the intent to distribute it. To prove the third element in this way, the government must prove, beyond a reasonable doubt, that the defendant had control over the cocaine base with the state of mind or purpose to transfer it to another person.

The same considerations that apply to your determination whether a defendant knew he possessed cocaine base apply to your decision concerning the defendant's intention to distribute the drugs. Since you cannot read a defendant's mind, you must make inferences from his behavior. However, you may not convict the defendant unless these inferences convince you beyond a reasonable doubt that the defendant intended to distribute the cocaine base.

When I say that you must find that the defendant intended to distribute the cocaine base, this does not mean that you must find that the defendant intended personally to distribute or to deliver the cocaine base. It is sufficient if you find that the defendant intended to cause or assist the distribution of the cocaine base.

Basically, what you are determining is whether the cocaine base in the defendant's possession was for his personal use or

40

for the purpose of distribution. Often it is possible to make this determination from the quantity of drugs found in the defendant's possession. For example, it would be highly unlikely that a person with 50,000 doses of amphetamine possessed them all for personal consumption.

The possession of a large quantity of a drug does not necessarily mean that the defendant intended to distribute the drug. On the other hand, the defendant may have intended to distribute a drug even if he did not possess a large amount of it. Other physical evidence, such as paraphernalia for the packaging or processing of drugs, can show such an intent. There might also be evidence of a plan to distribute. You should make your decision whether the defendant intended to distribute the cocaine base in his possession from all of the evidence presented.[33]

---

[33] 3 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 56.01, Instruction No. 56-11 (2003). See United States v. Roberts, 119 F.3d 1006 (1st Cir. 1997).

41

## REQUEST NO. 34

### Aiding and Abetting - 18 U.S.C. § 2

To "aid and abet" means intentionally to help someone else commit the charged crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt that (1) someone else committed the charged crime and (2) defendant consciously shared the other person's knowledge of the charged crime, intended to help, and willfully took part in the endeavor, seeking to make it succeed.

Defendant need not perform the charged crime, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the charged crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done -- that is to say with bad purpose, either to disobey or disregard the law.[34]

---

[34] <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 4.18.02 (2003).

<u>Request No. 35</u>

Conspiracy to Distribute and
Possess With Intent to Distribute
<u>Cocaine Base and Cocaine - 21 U.S.C. § 846</u>

The defendant is accused of conspiring to commit a federal crime--specifically, the crime of distribution and possession with intent to distribute cocaine base and cocaine. It is against federal law to conspire with someone to commit this crime.

For you to find defendant guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

<u>First</u>, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to distribute and possess with intent to distribute cocaine base and cocaine; and

<u>Second</u>, that defendant willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.

But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed

common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed--that is to say, with bad purpose, either to disobey or disregard the law--not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before defendant can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy,

44

but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not hereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.[35]

---

[35] <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, Instruction No. 4.18.371(1) (2003).