UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA ]
]
- against - ]
] CR NO. 04-30001-MAP
RAYMOND SHAVER, ]
Defendant. ]

04 CR 30001-MAP

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW GUILTY PLEA

The defendant hereby submits this Supplemental Memorandum of Law and Affidavit of Raymond Shaver in Support of his Motion to Withdraw his Guilty Plea, filed on or about August 11, 2005.

At a hearing before this Court on September 28, 2005, counsel requested leave to file a supplemental motion for withdrawal of defendant's guilty plea, based upon information that was learned of by counsel after the filing of defendant's initial motion to withdraw his plea. As counsel advised the Court on September 28, it had come to counsel's attention that Shaver's prior attorney, Jonathan Elliott, Sr., had a conflict of interest at the time he advised Shaver to plead guilty to an indictment that carried with it the likely sentence of mandatory life imprisonment. His conflict arose from the fact that he was simultaneously representing two defendants – Shaver and Garrett Gordon (Docket No. 3:03-CR-30044(MAP)) each of whom were providing information to law enforcement authorities regarding the other's criminal activities, and both of whom were willing to testify on behalf of the government at each others' trials.

For the reasons set forth below, this Court should vacate Shaver's plea to the indictment, based upon his attorney's conflict of interest. Because Elliott's simultaneous representation of two defendants with diametrically opposed interests was in fact an actual conflict of interest, the relief requested should be granted.

**Argument**

The Sixth Amendment to the United States Constitution ensures that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defence." Some defendants, however, have historically found themselves in situations where they had either retained or had counsel appointed to represent them, but did not believe that counsel was representing them in such a way as to provide *effective* assistance of counsel. Responding to one such claim, in 1984, the Supreme Court set forth a two-part test for determination of whether or not counsel has been ineffective in Strickland v. Washington, 466 U.S. 668, 688, 80 L.Ed. 2d 674, 104 S.Ct. 2052 (1984). Under the Strickland test, "[f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

The year following its ruling in Strickland, the Court, in Hill v. Lockhart, 474 U.S. 52, 88 L.Ed. 2d 203, 106 S.Ct. 366 (1985), applied Strickland's two-part test for

ineffective assistance of counsel claims in the context of guilty pleas. "[I]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in [other cases]. The second, or `prejudice' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Id. at 58-59.

Applying the standards set forth in Strickland and Lockhart, Shaver can demonstrate that counsel's simultaneous representation of two defendants each of whom stood ready to incriminate the other rose to the level of ineffective assistance of counsel, thereby effectively depriving him of his right to enter a plea of guilty knowingly and voluntarily.

A fundamental precept of the Sixth Amendment's right to counsel is the assurance that a criminal defendant will be afforded the right to a zealous advocate to ensure that the defendant's constitutional rights are protected. "Few commitments from an attorney to a client are more important than `a duty of loyalty, a duty to avoid conflicts of interest'." U.S. v. Colon-Torres, 382 F.3d 76, 88 (1st Cir. 2004) citing Strickland v. Washington, 466 U.S. 668, 688 (1984). In fact, the Supreme Court has held that the Sixth Amendment's right to effective assistance of counsel is violated when an actual conflict of interest adversely affects that counsel's representation. Cuyler v. Sullivan, 446 U.S. 335, 348, 64 L.Ed. 2d 674, 104 S.Ct. 2052 (1984).

As set forth above, at the time Elliott advised Shaver to plead guilty to the indictment, Elliott was also representing another defendant in a separate case in this

3

court, Garrett Gordon. Elliott had been retained by both Gordon and Shaver on different occasions to represent each of them on their federal cases. Elliott well knew that each of Shaver and Gordon were prepared to testify against one another in the hopes of gaining a sentencing benefit from the government. If Shaver had elected to go to trial, Elliott would have been in the position of representing a witness against his client, and would have had to withdraw. By advising Shaver to plead guilty, Elliott was able to avoid bringing his conflict to light, and was thus able to retain both of his clients.

"[I]n order to show an actual conflict of interest, a defendant must show that (1) the lawyer could have pursued a plausible alternative defense strategy or tactic and (2) the alternative strategy or tactic was inherently in conflict with or not undertaken due to the attorney's other interests or loyalties." United States v. Soldevila-Lopez, 17 F.3d 480, 486 (1st Cir. 1994). Here, Elliott "could have pursued a plausible alternative defense strategy or tactic" – he could have counseled Shaver to claim his right to a trial – which would have been a reasonable course of action, considering the fact that the indictment to which Elliott had Shaver plead to carried with it the likely sentence of mandatory life incarceration. Shaver would have had nothing to loose by going to trial – if he was found guilty he would be no worse off than if he pled guilty with no plea agreement, as he did. At least a trial would have given him some chance to challenge the government's case and would have put the government to its proof. There is no telling what a jury might have decided. However, Elliott did not counsel Shaver to elect a trial, a course of action that is inexplicable but for the fact that Elliott knew, at

4

the time he counseled Shaver to plead guilty, that another of his criminal clients was prepared to testify against Shaver if Shaver went to trial. Accordingly, it certainly appears that the "alternative strategy or tactic" was "not undertaken due to the attorney's other interests or loyalties."

Prejudice is easily shown in this case by the mere fact that Shaver elected to plead guilty, based on counsel's advice, to an indictment that carried with it the strong likelihood of a mandatory life sentence, without any kind of plea agreement with the government. Under Hill v. Lockhart, supra, Shaver must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lockhart, 472 U.S. at 59. As stated in his Affidavit submitted in connection with this Memorandum of Law, Shaver would have elected to go to trial but for counsel's strong recommendation against doing so.

Accordingly, Shaver's motion to withdraw his guilty plea, based upon his claim of ineffective assistance of counsel at the plea stage of his case, should be granted.

Respectfully submitted,

RAYMOND SHAVER
By His Attorney

Lori H. Levinson
BBO#566685
CAIN HIBBARD MYERS & COOK, P.C.
66 West Street
Pittsfield, MA 01201
(413) 443-4771

5

CERTIFICATION

I hereby certify that a copy of the within was sent by First Class U.S. mail to:

Elizabeth French, Clerk
United States District Court
1550 Main Street
Springfield, MA 01103


Todd Newhouse, AUSA
1550 Main Street
Springfield, MA 01103

_____
Lori H. Levinson

6