/UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                    |   |
|------------------------------------|---|
| UNITED STATES OF AMERICA           | ] |
|                                    | ] |
| - against -                        | ] |
|                                    | ] CR NO. 04-30003-MAP |
| RAYMOND SHAVER,                    | ] |
|                      Defendant.    | ] 04 CR 30001 - MAP |

## AFFIDAVIT IN SUPPORT OF
## MOTION TO WITHDRAW GUILTY PLEA

I, RAYMOND SHAVER, hereby state, under the penalties of perjury, as follows:

I am the Defendant in this case, therefore, I am fully familiar with all of the facts and circumstances of the case so far. This affidavit is based on my own personal knowledge and belief, on my recollection of conversations with my former attorney, Jonathan Elliott, Sr., my current attorney Lori Levinson and U.S. Probation Officer Richard Rinaldi, as well as on my reviewing the discovery material provided by the government.

I retained Attorney Jonathan Elliott to represent me on this case. For approximately six months before my trial was scheduled, he spent very little time consulting with me about my case. My case was scheduled for trial on or about November 12, 2004. I met with Mr. Elliott before my trial, and he told me that if I went ahead with a trial, I would be found guilty. We discussed the possible penalties if I was found guilty at trial, as opposed to my pleading guilty. Mr. Elliott told me his

best estimate was that the sentence I would receive whether I pled guilty or went to trial and was found guilty would be life imprisonment – both because of the United States Sentencing Guidelines, and the statutes providing for the punishment for the charges. After talking about my options just a few days before trial was scheduled, Mr. Elliott advised me that it would definitely be better for me if I decided to plead guilty. I decided to follow his advice, because he was very sure that I would not be acquitted if I went to trial.

I pled guilty before this Court on November 15, 2004. During the plea hearing, all of the participants – my attorney, the Assistant United States Attorney and this Court all told me that my plea could lead to life imprisonment. I told the Court that I understood all the rights I had and was giving up by pleading guilty and that I understood all of the potential consequences of my plea. In fact, I have seen a transcript of the plea hearing, and it shows that the Court determined that I was making my guilty plea knowingly and intentionally and without threat of force or any promises to induce my guilty plea (Plea hearing transcript p15,16,43,44,45,46,47).

At the time I pled guilty, I believed that I understood the nature of the charges against me, as well as the rights I was giving up by pleading guilty and the possible or likely penalties for my plea.

However, in the time since I pled guilty, it was brought to my attention that my attorney, Jonathan Elliott, Sr. had also been retained by another defendant facing trial in this court, Mr. Garrett Gordon. I have learned that during the time Mr. Elliott was representing me, Mr. Gordon told Mr. Elliott that he had information about me that

would be useful to the government, and that Mr. Gordon would be willing to testify against me for the government in return for sentencing consideration.

My current attorney has told me that if Mr. Gordon were to testify against me at my trial, it would put Mr. Elliott in the position of having to withdraw from my case.

Because Mr. Elliott was representing a potential witness against me, I do not believe that he had my best interests in mind when he advised me to plead guilty. I now believe that Mr. Elliott was protecting himself from facing a conflict of interests between two defendants when he advised me that it would be better for me if I pled guilty instead of going to trial. I do not see how I could have benefited from pleading guilty when I was not receiving any sentencing benefit from pleading guilty rather than going to trial.

*Raymond Shaver* (signature)
RAYMOND SHAVER

COMMONWEALTH OF MASSACHUSETTS

Hampshire
~~BERKSHIRE~~, ss.

On this 28th day of Oct., 2005, before me, the undersigned notary public, personally appeared RAYMOND SHAVER, and proved to me through satisfactory evidence of identification, which was by a credible witness, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

Barbara Vane
Notary Public

My commission expires:

DECEMBER 4, 2009