UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )    Criminal No. 04-30001-MAP
                               )
                               )
            v.                 )
                               )
RAYMOND SHAVER,                )
            Defendant.         )

GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM
REGARDING MOTION TO WITHDRAW GUILTY PLEA

The United States of America, by and through its undersigned
attorneys, submits the Government's Response to Defendant's
Supplemental Motion to Withdraw Guilty Plea.

I.   Background

The defendant was charged in a six count Indictment with
possessing with intent to distribute fifty grams or more of
cocaine base on the following dates:  June 25, 2003 (Count One),
August 1, 2003 (Count Three), August 28, 2003 (Count Four), and
September 26, 2003 (Count Five).  He was also charged with
conspiring to possess with intent to distribute fifty grams or
more of cocaine base between June of 2003 and January 13, 2004,
(Count Six).  Finally he was charged with possessing with intent
to distribute cocaine on July 17, 2003 (Count Two).  The
government filed an Information pursuant to 21 U.S.C. § 851
indicating it would rely upon the defendant's eight previous drug
distribution convictions at sentencing.

1

The defendant pled guilty to possessing with intent to distribute or distributing a total of 518.0 grams of cocaine base in the form of crack cocaine (98.4 grams of cocaine base in the form of crack cocaine, Count One; 98.8 grams of cocaine base in the form of crack cocaine, Count Three; 99.2 grams of cocaine base in the form of crack cocaine, Count Four; and 98.5 grams of cocaine base in the form of crack cocaine, Count Five), and 123.8 grams of cocaine (Count Two).  The government proffered at the change of plea hearing that the government's witnesses at trial would have testified that, based upon their training and experience in investigating narcotics cases, the substance in Counts One, Three, Four, Five and Six was crack cocaine.

As set forth in the Presentence Report (PSR), the defendant's conviction on Counts One, Three, Four, Five and Six, combined with the filing of the § 851 Information, results in a mandatory statutory sentence of life.  Further, pursuant to U.S.S.G. § 5G1.1(b) the defendant's guideline sentence is also life.[1]

The defendant pled guilty on the first day of trial and

---

[1]"Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."  § 5G1.1(b).  Because the defendant has previously been convicted of eight drug distribution felonies and three violent felonies, his sentencing guideline range as a Career Offender, with a three level reduction for acceptance of responsibility would have been OL 34, CHC VI with a range of 262 months to 327 months.

there was no plea agreement in this case.  The defendant moved to withdraw his guilty plea and after a hearing on September 28, 2005, the motion was denied.  The defendant has now renewed that motion.  For the following reasons, and the reasons set forth in the government's first response to the defendant's motion to withdraw his plea which is incorporated herein, the defendant's motion should be denied.

II.  Argument

The defendant seeks to withdraw his guilty plea because of an alleged conflict of interest based upon the fact that his former attorney, Jonathan Elliott, Sr., concurrently represented the defendant and Garrett Gordon, who was facing federal gun and drug charges.  <u>United States v. Gordon</u>, Cr. No. 03-30044-MAP. Shaver alleges that both he and Gordon "were willing to testify on behalf of the government at each others' trials."  Motion at 1.  The defendant alleges that "Elliott well knew that each of Shaver and Gordon were prepared to testify against one another in the hopes of gaining a sentencing benefit from the government. If Shaver had elected to go to trial, Elliott would have been in the position of representing a witness against his client, and would have had to withdraw.  By advising Shaver to plead guilty, Elliott was able to avoid bringing his conflict to light, and was thus able to retain both of his clients."  Motion at 4.

The defendant states that Attorney Elliott could have

3

pursued an alternative tactic or strategy, "he could have
counseled Shaver to claim his right to a trial-which would have
been a reasonable course of action, considering the fact that the
indictment to which Elliott had Shaver plead to carried with it
the likely sentence of mandatory life incarceration.  Shaver
would have had nothing to loose by going to trial-if he was found
guilty he would be no worse off than if he pled guilty with no
plea agreement, as he did."  Motion at 4.

In his Affidavit in Support, the defendant states "[a]fter
talking about my options just a few days before trial was
scheduled, Mr. Elliott advised me that it would definitely be
better for me if I decided to plead guilty.  I decided to follow
his advice, because he was very sure that I would not be
acquitted if I went to trial." ... "However, in the time since I
pled guilty, it was brought to my attention that my attorney,
Jonathan Elliott, Sr. had also been retained by another defendant
facing trial in this court, Mr. Garrett Gordon.  I have learned
that during the time Mr. Elliott was representing me, Mr. Gordon
told Mr. Elliott he had information about me that would be useful
to the government, and that Mr. Gordon would be willing to
testify against me for the government in return for sentencing
consideration. ... Because Mr. Elliott was representing a
potential witness against me, I do not believe that he had my
best interests in mind when he advised me to plead guilty.  I now

4

believe that Mr. Elliott was protecting himself from facing a
conflict of interest between two defendants when he advised me
that it would be better for me if I pled guilty instead of going
to trial.  I do not see how I could have benefitted from pleading
guilty when I was not receiving any sentencing benefit from
pleading guilty rather that going to trial."  Affidavit at 2-3.

    This Court may allow a defendant to withdraw a guilty plea
after the plea has been accepted for "a fair and just reason"
pursuant to Fed. R. Crim. P. 11(d)(2)(B).  The factors to be
considered are 1) whether the plea was voluntary, intelligent,
knowing and complied with Rule 11; 2) the force of the reasons
offered by the defendant; 3) whether there is a serious claim of
actual innocence; 4) the timing of the motion; and 5) any
countervailing prejudice to the government if the defendant is
allowed to withdraw his plea.  United States v. Padilla-Galarza,
351 F.3d 594, 597 (1st Cir. 2003).  In that case the Court held
"[o]rdinarily, a defendant is stuck with the representations that
he himself makes in open court at the time of the plea.  They are
more likely to be reliable than later versions prompted by second
thought, and guilty pleas-often in the defendant's interest-could
hardly be managed any other way."  Id. at 598.  Finally, the
burden is on the defendant "to show the circumstances justifying
relief from the plea."  Id. at 599.

    Regarding the first element, this Court recently found,

after a hearing, that the defendant's plea was voluntarily made and complied with Rule 11.  Second, the force of the defendant's reasons for withdrawal are discussed below.  Third, the defendant has not to date made a claim of actual innocence, and given the state of the evidence, there is no realistic way he could do so. Forth, the timing of the defendant's motion is suspect, in that after pleading guilty but prior to imposition of a long prison sentence the defendant has, to date, filed two motions to withdraw.  Finally, the government would be prejudiced to the extent that it was prepared for trial with witnesses present one year ago and if the motion were allowed would be forced to prepare the case and go to trial over two and one-half years after the drug deals in question.

In a case involving the defendant's attempt to withdraw a guilty plea based upon an allegation of ineffective assistance of counsel due to counsel having pressured the defendant into pleading guilty, the First Circuit has held "in order to succeed, [the defendant] must prove by a preponderance of the evidence that his counsel unreasonably erred in permitting him to plead guilty, and that prejudice resulted.  United States v. Cody, 249 F.3d 47, 52 (1st Cir. 2001), citing Strickland v. Washington, 466 U.S. 668, 687 (1984).  Where, as here, the defendant argues that counsel had an actual conflict of interest the defendant "must show that his counsel 1) could have pursued some plausible

6

[alternative ] line of argument ... [or tactic] but 2) failed to
do so due to a conflict with counsel's other interests or
loyalties." Id. at 53; United States v. Soldevila-Lopez, 17 F.3d
480, 488 (1st Cir. 1994)(mere speculation is not enough, a
theoretical conflict will not invoke the per se rule).

It may be necessary that Attorney Elliott be called as a
witness at a hearing on the defendant's motion.  The defendant
alleges that Attorney Elliott "advised me that it would
definitely be better for me if I decided to plead guilty".
Affidavit at 2.  Immediately prior to the change of plea,
Attorney Elliott told the undersigned counsel for the government
that, in effect, he told the defendant that the decision to go to
trial or plead guilty was entirely up to the defendant and that
Attorney Elliott would support whichever option the defendant
selected.  Attorney Elliott said he told the defendant that the
government's case was strong, but that if the defendant wanted to
go to trial Attorney Elliott would aggressively challenge the
government's evidence because no matter how strong the case,
there is always a chance the jury might acquit.

Moreover, in this case it appears that to the extent there
was a conflict, it was a potential conflict, not an actual
conflict.  The defendant alleges that he was willing to cooperate
with the government and testify against Gordon.  Likewise, he
states that Gordon was willing to cooperate with the government

and testify against Shaver.  If either had actually testified,
Attorney Elliott would have to withdraw from the case of the non-
testifying defendant.  Preliminarily, it must be borne in mind
that Gordon and Shaver are not co-defendants in large part
because the facts relevant to each of their Indictments are
entirely unrelated to one another.  Further, there is almost no
chance that either Gordon or Shaver would ever become a trial
witness for the government.

    First, the case against Shaver included audio and video
taped drug deals between Shaver and an undercover agent (UCA).
The strength and clarity of the government's case cannot be
overstated.  Gordon, who has a lengthy criminal history, was not
a witness to any of the drug deals which are relevant to the
charges in the Shaver Indictment.  To the extent Gordon would
offer to testify that Shaver sold drugs to Gordon at times not
set forth in the Shaver Indictment, any such testimony would be
inadmissible pursuant to F. R. Evid. 404(b).  Moreover, even if
Gordon's testimony was admissible, the government would not call
a witness with significant impeachment issues in a case which
otherwise was overwhelming, free of fodder for cross-examination
and straightforward.

    Secondly, Shaver was not a witness to any of the crimes
allegedly committed by Gordon charged in his Indictment.
Therefore, potential testimony by Shaver that he and Gordon were

8

involved in uncharged drug deals would be inadmissible pursuant
to Rule 404(b). Although the evidence against Gordon includes a
court authorized Title III intercepted conversation between
Shaver and Gordon regarding the facts underlying the charges
against Gordon, that conversation is admissible without testimony
by Shaver. Also, if Shaver were to testify, his credibility
would be eviscerated given that he would be testifying in an
effort to avoid a potential life sentence and that his criminal
history includes eight previous convictions for drug distribution
offenses and four convictions for violent crimes. Finally,
during two proffer sessions in which Shaver mentioned numerous
individuals involved in drug trafficking, he never mentioned
Gordon's name.[2] If Shaver were to later testify that he was
involved with Gordon in drug trafficking, he would be impeached
with his prior statement. See United States v. Sotomayor-
Vazquez, 249 F.3d 1, 16 (1st Cir. 2001)(Court found no conflict
based, in part, on fact that government never suggested witness
would be called at trial).

There is no evidence that but for the potential conflict,
Shaver would not have pled guilty but rather would have gone to
trial. In essence, Shaver argues that he pled guilty to a case
with overwhelming evidence, but had he known that the government

---

[2]As set forth in a DEA-6 regarding proffer sessions between
the DEA and Shaver on January 23, and 29, 2004, a copy of which
was provided to the defendant during discovery.

9

potentially had more evidence against him, to wit:  Gordon's testimony, that he would have opted for trial.

Despite the defendant's statements to the contrary in his affidavit, there is a significant potential benefit regarding his guilty plea.  The defendant provided information during his proffer sessions regarding several individual who have been charged in the state.  If the defendant cooperated during the trial of any of those defendants, he could potentially receive a sentence which reflects the extent of his cooperation.  There would be no such chance if he had gone to trial.

III. Conclusion

Therefore, the defendant's Motion to Withdraw Guilty Plea should denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
TODD E. NEWHOUSE
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

Hampden,  ss.

Springfield, Massachusetts
November 23, 2005

I, Todd E. Newhouse, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing, via mail to all counsel of record.

_____
TODD E. NEWHOUSE
Assistant U.S. Attorney

10