UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA          )
                                  )
                v.                ) 04-CR-30001-MAP
                                  )
RAYMOND SHAVER                    )


MEMORANDUM AND ORDER
REGARDING DEFENDANT'S MOTION TO
WITHDRAW PLEA OF GUILTY
AND ORDER IMPOSING SANCTIONS
(Docket No. 60)

December 28, 2005

PONSOR, D.J.

On November 15, 2004, Defendant offered his plea of guilty to charges of conspiracy to distribute and possess with intent to distribute cocaine base, as well as five substantive counts of actual distribution and possession with intent to distribute cocaine base.  During the plea colloquy it emerged that, due to Defendant's serious record of drug offenses and the amount of cocaine involved in this case (more than 500 grams), a sentence of life imprisonment without possibility of parole was likely.  The court informed Defendant of this probability several times during the plea colloquy, but Defendant continued to indicate that he wished to plead guilty.

When the time came for sentencing, the court, for reasons

set forth below, replaced Defendant's counsel. New counsel has now filed a Motion to Withdraw Plea of Guilty. Because the court lacks confidence in the effectiveness of the representation offered by Defendant's former counsel, Defendant's Motion to Withdraw Plea of Guilty will be allowed. The procedural background and facts supporting this decision are as follows.

On January 15, 2004, Defendant was, as noted, indicted on six counts of conspiracy to possess with intent to distribute, and possession with intent to distribute, cocaine base. Due to indigency, the court appointed Attorney Jeffrey S. Brown to represent Defendant. On April 22, 2004, however, Attorney Brown withdrew and was replaced by retained counsel, Jonathan R. Elliott, Sr.

On June 29, 2004, the court issued a scheduling order, requiring counsel for Defendant to file a motion to suppress or notice that no such motion would be filed, no later than July 30, 2004. Government opposition was due by August 27, 2004 and a non-evidentiary hearing was scheduled for September 3, 2004. Attorney Elliott ignored the scheduling order and filed nothing.

On September 1, 2004, the court issued an electronic notice that the scheduled time for hearing on the motion to

suppress would be used as a status conference. Defense counsel failed to appear and, as a result, the conference rescheduled for September 8, 2004.

On September 8, 2004, Attorney Elliott again failed to appear at the scheduled time for the hearing. When he finally did appear later in the day, he was informed that the status conference had been continued to September 14, 2004. The conference was later again postponed to October 1, 2004, at which time a trial date of November 1, 2004 was established. This date was subsequently postponed, upon Defendant's motion, to November 15, 2004. As noted, on November 15, 2004, Attorney Elliott appeared with Defendant and, for the first time -- and at the very last moment -- indicated that his client wished to plead guilty.

Both the court and the government were taken aback by Defendant's decision, at least at first. The Assistant U.S. Attorney had been given no indication that Defendant might plead and had arrived, witnesses and exhibits prepared, ready for trial. Defendant's lengthy criminal record, as well as the large amount of drugs involved in the current indictment practically insured that he would receive a sentence of life imprisonment without parole following conviction. Given his situation, Defendant's motive to plead was unclear.

It has more recently emerged that Attorney Elliott, at the time he was advising his client with regard to a possible guilty plea, was also representing another individual, Garrett Gordon. Although the government did not intend to call Gordon, Gordon had possible evidence to offer against Defendant. Moreover, Defendant had evidence to offer against Gordon, who at that time also stood charged with serious drug offenses before this court. Attorney Elliott's representations of both Gordon and Defendant simultaneously impaired his ability to negotiate a plea on behalf of either defendant that involved one client's testimony against another.

Attorney Elliott's erratic and inconsistent conduct continued after the November 15, 2004 plea date. Sentencing was originally set for February 7, 2005, but the probation office was required to request a postponement of the sentencing date due to the fact that Attorney Elliott had failed to respond to efforts to contact him and obtain information necessary to prepare the pre-sentence report. Numerous phone calls simply went unanswered. The sentencing was thereafter postponed to March 18, 2005.

On March 2, 2005, after learning that Attorney Elliott was still failing to respond to probation's efforts to contact him, the court was compelled to schedule a status conference,

require Elliott to appear, and set a firm deadline for counsel to meet with the probation officer. Once more, the sentencing date was postponed, this time to April 29, 2005 at 2:00 p.m. This date and time was established in open court in the presence of Attorney Elliott.

Despite his obvious knowledge of the date and time, and the extraordinary seriousness of the proceeding -- a likely life sentence to be imposed -- Attorney Elliott failed to appear at Defendant's sentencing on April 29, 2005. Disturbed at this lack of professionalism, the court dispatched deputy marshals to locate Elliott and obtain his immediate appearance in court. After having been contacted by the marshals, Elliott appeared and offered the excuse that he had placed the date for the sentencing in his calendar incorrectly.

Not surprisingly, Defendant expressed unhappiness with the conduct of his retained attorney. He stated that Elliott had not been in contact with him, and in essence that he had no confidence in his lawyer's competence or advice. In these extraordinary circumstances, and in the face of the likely sentence of life imprisonment, the court relieved Mr. Elliott of his responsibilities in this case and permitted Defendant to apply for appointed counsel, who has now filed the Motion to Withdraw Defendant's Plea of Guilty.

The conduct exhibited by Attorney Elliott between April 22, 2004 and the sentencing date of April 29, 2005 has entirely undermined the court's confidence in his effectiveness as counsel for Defendant. A defendant facing the harshest punishment a society can mete out short of death was entitled to better representation than Attorney Elliott offered in this case. The Motion to Withdraw Plea of Guilty is hereby ALLOWED.

The court has taken this action reluctantly. For the first time in nearly twelve years, the court has found that withdrawal of a guilty plea is "fair and just" under Fed. R. Crim. P. 11(d)(2)(B). The conflict created by Elliott's representation of Gordon and his fumbling performance over the course of an entire year, has left the court unconvinced that Defendant's plea was truly knowing, intelligent and voluntary. There is some prejudice to the government based upon the delay, but the evidence and witnesses still are available, and the government will have an opportunity to present the case for trial. The clerk will contact counsel and set a date for a status conference to set the trial date as soon as possible.

As a sanction for his unprofessional performance, the court hereby orders Attorney Elliott to return all funds paid to him by Defendant or his family for representation in this

case no later than February 1, 2006, unless before that date a Motion for Reconsideration is filed and a hearing is requested. The clerk will forward a copy of this memorandum to the Board of Bar Overseers for whatever action it deems proper.[1]

It is So Ordered.

_____
MICHAEL A. PONSOR
United States District Judge

---

[1] The circumstances provoking the ruling in this case have been so distasteful that, in fairness to Attorney Elliott, the court will recuse itself in any cases where he is representing a party from this date through December 31, 2006.